UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BPI SPORTS, LLC; and BPI SPORTS
HOLDINGS, LLC,

       Plaintiffs,

v.

USA NUTRACEUTICALS GROUP, INC.;
and ULTRA-LAB NUTRITION, INC.
d/b/a BEAST SPORTS,

       Defendants.
_____/

## COMPLAINT

Plaintiffs BPI Sports, LLC and BPI Sports Holdings, LLC (collectively, "BPI"), by and through undersigned counsel, sues Defendants USA Nutraceuticals Group, Inc. and Ultra-Lab Nutrition, Inc. d/b/a/ Beast Sports (collectively, "Beast"), and alleges:

### NATURE OF THE ACTION

1. This is an action for unlawful restraints on trade in violation of the Sherman Anti-Trust Act, 15 U.S.C. § 2, and Fla. Stat. § 542.18, based upon Beast's assertion of an objectively baseless lawsuit that amounts to sham litigation.

### PARTIES

2. BPI is a Florida limited liability company organized and existing under the laws of the State of Florida, with its principal place of business located in Hollywood, Florida.

3. Beast is a Florida limited liability company organized and existing under the laws of the State of Florida.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Beast because Beast maintains its headquarters in this District, conducts business in this District, has systematic and continuous business connections and contacts within this District, has initiated baseless litigation against BPI in this District, and committed and continues to commit torts in this District.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C § 1338, 15 U.S.C. § 1121(a) and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Beast is subject to this Court's personal jurisdiction with respect to this action.

## GENERAL ALLEGATIONS

7. BPI is a sports nutrition company that is engaged in the business of manufacturing, selling and marketing various dietary and nutritional supplements, sports nutrition products, and other products and related goods.

8. Beast is also engaged in the business of manufacturing, selling and marketing dietary and nutritional supplements. BPI and Beast are direct competitors in the dietary and nutritional supplement market.

9. Both BPI's and Beast's products are sold through various Internet websites, as well as through other sports nutrition specialty stores domestically and internationally.

10. On March 17, 2015, Beast initiated an objectively baseless lawsuit against BPI for trade dress infringement and false advertising, *USA Nutraceuticals Group, Inc. et al. v. BPI Sports, LLC et al.*, Case No. 9:15-cv-80352-BB (S.D. Fla.) (the "Baseless Beast Lawsuit"). On information and belief Beast initiated the Baseless Beast Lawsuit for the sole purpose of deterring and restraining competition

in the dietary and nutritional supplement market.

11. The claims alleged by Beast in the Baseless Beast Lawsuit are objectively baseless. Indeed, the district judge presiding over the Baseless Beast Lawsuit has remarked that "a cursory visual examination of the competing goods quickly reveals the frailty of [Beast's] position [with respect to its trade dress claim]." *Id.* (docket entry 28 at 8.)

12. No reasonable litigant could reasonably expect to succeed on the merits of the trade dress claims alleged in the Baseless Beast Lawsuit because the evidence conclusively demonstrates that Beast's alleged trade dress is not inherently distinctive.

13. No reasonable litigant could reasonably expect to succeed on the merits of the trade dress claims alleged in the Baseless Beast Lawsuit because the evidence conclusively demonstrates that BPI's trade dress is not confusingly similar to the trade dress asserted by Beast.

14. No reasonable litigant could reasonably expect to succeed on the merits of the false advertising claim alleged in the Baseless Beast Lawsuit because the word "best", as it is used in the product name "BEST BCAA" that is the subject of the Baseless Beast Lawsuit, is clearly non-actionable puffery.

15. Beast knew or should know that the trade dress and false advertising claims alleged in the Baseless Beast Lawsuit are legally unenforceable and without any merit.

16. Beast was aware at the time it initiated the Baseless Beast Lawsuit and is currently aware that the trade dress at issue is used by numerous companies across the Internet and is thus not distinctive.

17. Beast was aware at the time it initiated the Baseless Beast Lawsuit and is currently aware that the trade dress at issue is not confusingly similar.

18. Beast was aware at the time it initiated the Baseless Beast Lawsuit and is currently aware that its false advertising claim is based upon non-actionable puffery.

3

19. On information and belief, Beast initiated the Baseless Beast Lawsuit in bad faith and with the intent to deter and restrain competition in the dietary and nutritional supplement product market and to damage the business of BPI, and with the intent to cause BPI to incur significant litigation expenses and to receive negative publicity regarding those proceedings.

20. Beast's Baseless Beast Lawsuit is so frivolous that, since its filing, Beast has abandoned the very trade dress upon which the lawsuit was based, and has instead changed its trade dress to add the colors black and silver, in an obvious yet improper attempt to encroach upon and emulates BPI's trade dress.[1] (*Compare* Ex. A *with* Ex. C.)

## CLAIM ONE – VIOLATION OF THE SHERMAN ANTI-TRUST ACT, 15 U.S.C. § 2, FOR ATTEMPTING TO MONOPOLIZE THE DIETARY AND NUTRITIONAL SUPPLEMENT MARKET THROUGH SHAM LITIGATION

21. BPI incorporates by reference paragraphs 1-20 above.

22. Beast had and currently has the specific intent to monopolize the dietary and nutritional product market in this country in violation of 15 U.S.C. § 2.

23. Beast's actions against BPI, including but not limited to initiating and maintaining objectively baseless and subjectively malicious legal action against BPI (the Baseless Beast Lawsuit), have been taken in an attempt to monopolize the dietary and nutritional product market in this country in violation of 15 U.S.C. § 2.

24. BPI has suffered damages due to the actions taken against it by Beast, including the initiation and prosecution of the sham litigation described above.

25. The probable effect of the injury to the dietary and nutritional supplement product market is to increase prices above the competitive level and/or to otherwise injure or destroy

---

[1] A true and correct image of a BPI product bearing BPI's trade dress is attached hereto as Exhibit "A". A true and correct image of a Beast product bearing Beast's old trade dress is attached hereto as Exhibit "B". A true and correct image of a Beast product bearing Beast's new trade dress is attached hereto as Exhibit "C".

competition in this market.

26. The acts of Beast, including the initiation and prosecution of sham litigation against BPI, are predatory, anti-competitive and were undertaken with the intent to monopolize the dietary and nutritional supplement product market in this country in violation of 15 U.S.C. § 2.

27. BPI is entitled to recover up to three times its monetary damages, and is also entitled to injunctive relief enjoining Beast from further acts attempting to create its monopolization of the dietary and nutritional supplement product market.

### CLAIM TWO – ATTEMPT TO RESTRAIN TRADE OR COMMERCE THROUGH SHAM LITIGATION IN VIOLATION OF FLA. STAT., §§ 542.18, 542.22

28. BPI incorporates by reference paragraphs 1-20 above.

29. Beast's actions, which constitute an attempt to restrain trade in the United States, likewise constitute an attempt to restrain trade in the State of Florida in violation of Fla. Stat. § 542.18.

30. Beast held and currently holds a specific intent to restrain trade and eliminate competition in the dietary and nutritional supplement product market in this state in violation of Fla. Stat. § 542.18.

31. Beast's actions against BPI, including but not limited to initiating and maintaining objectively baseless and subjectively malicious legal action against BPI (the Baseless Beast Lawsuit), have been taken in furtherance of an attempt to restrain trade in the dietary and nutritional supplement product market in this state in violation of Fla. Stat. § 542.18.

32. The probable effect of the injury to the dietary and nutritional supplement product market is to increase prices above the competitive level or to otherwise injure or destroy competition in this market.

33. The acts of Beast, including the initiation and prosecution of sham litigation against BPI, are predatory, anti-competitive and were undertaken with the intent to restrain trade in the dietary

and nutritional supplement product market in this country in violation of Fla. Stat. § 542.18.

34. The actions of Beast, including the initiation and prosecution of the sham litigation described above, have adversely affected trade in this state in the dietary and nutritional supplement product market.

35. BPI is entitled to recover up to three times its monetary damages, an award of its costs and reasonable attorneys' fees under Fla. Stat., § 542.22, and is also entitled to injunctive relief enjoining Beast from further acts attempting to create its restraint of trade in the dietary and nutritional supplement product market.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, BPI demands trial by jury for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, BPI respectfully prays for relief as follows:

A. That the Court enter judgment that Beast has violated the provisions of the Sherman Anti-Trust Act, 15 U.S.C. § 2.

B. That the Court enter judgment that Beast has violated the Florida statutes regarding restraint of trade, Fla. Stat. §§ 542.18, 542.22.

C. That the Court award BPI all damages caused by the acts forming the basis of these claims, including without limitation BPI's actual damages.

D. That the Court award up to three times damages sustained by BPI as a result of Beast's violation of the Sherman Anti-Trust Act, 15 U.S.C. § 2, and the Florida statutes regarding restraint of trade, Fla. Stat. §§ 542.18, 542.22.

E. That the Court award pre-judgment interest to BPI.

F. That the Court award BPI its costs and reasonable attorneys' fees incurred in

prosecuting this action.

      G.     That the Court award BPI such other further relief as the Court may deem proper and just.

Dated: January 18, 2016　　　　　　　　　　　　　Respectfully submitted,

*/s/ John C. Carey*
John C. Carey / Fla. Bar No. 78379
jcarey@careyrodriguez.com
Frank S. Hedin / Fla. Bar No. 109698
fhedin@careyrodriguez.com
CAREY RODRIGUEZ
MILIAN GONYA, LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475

Cary A. Lubetsky / Fla. Bar No. 961360
cal@khllaw.com
KRINZMAN, HUSS & LUBETSKY, LLP
800 Brickell Avenue, Suite 1501
Miami, Florida 33131
Telephone: (305) 854-9700
Facsimile: (305) 854-0508

Michael B. Chavies / Fla. Bar No. 191254
michael.chavies@akerman.com
AKERMAN LLP
One Southeast Third Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095